Cause No. 2013-437.035-A

Marques D. Molinar

V.

State of Texas

IN THE 137th District
Court of
Lubbock Co. Texas

Petitioners objection to the States Response
of Findings of fact and Conclusions of Law

To the honorable Court of Criminal Appeals:

(FOR THE RECORD, one of these exact-Petitioners objection to the states Response of findings of fact and Conclusions of Law was sent to the District Clerk Barbara Sucsy and one to the Criminal District Attorney Matthew D. Powell on April 25, 2015 after recieving THE STATES FINDINGS of facts and Conclusions of Law on April 21, 2015.)

AFTER A REVIEW OF THE STATES PROPOSED FINDINGS of fact and conclusions of Law it is found that the STATE raises NO ARGUEABLE issues of law NOR cite any LEGAL Authorities to SUPPORT it's ERRONEOUS FINDINGS which the Petitioner will show are far from the facts IN Law as applied IN issues herein the following:

## I.

THE STATE claims that: "The applicant has waived waived all three grounds by failing to Raise them either at the trial court level or on Appeal THEREfore APPLICANT has abandoned his complaint and can not raise them for

Page 1 of 4

to REQUEST THAT THE MAGISTRATE GRANT authorities with Jurisdiction to enter, search and sieze particular items described, because," THE ALLEGED GROUNDS used for PROBABle cause should Adequately charge the commission of a real offense in a way which Gives an accuse sufficient notice for the Preperation of a defense, if a defendant chooses to exercise his constitutional RIGHT TO PROCEED to trial."

THEREFORE herein, the Search warrant affidavit should have described the date, time, and location that the affiant claimed the Petitioner was involved in the alleged controled Purchase. Information Vitally needed to not only verify the act but to PROPERLY inform the Petitioner of the nature and what Gave cause for the home invasion, search and seizure of PROPERTY, as well as Provide the accused with an OPPORTUNITY to have compulsory Process to obtain ~~witnesse~~ witnesses in his favor if a reasonable alibi defense exist concerning his where abouts at the time in question.

Without PROVIDING a time, date, or location of the advert act the petitioner was denied proper notice and the ability to have compulsory process therefore he could not call witnesses in his favor, a sixth amendment Violation which caused a PREJUDICE to his ability to defend himself against the false allegations in the affidavit which supported the Search Warrant causing a defect of the Constitutional nature which renders the Search Warrant Void.

THE FIRST TIME ON HABEAS REVIEW."

THus in accordance to the current Law, when a Search Warrant Affidavit is challenGed as not havinG Provided the defendant with adeQuate notice of the facts stated as the underlYING Grounds for Probable cause, the Search Warrant is examined from the defendants VIEWPoint

Defects in the Search Warrant Affidavit causes it to fail the Jurisdictional ReQuirements. A constitutional error that can not be "cured" by subseQuent ProceedinGs and the Petitioner can not waive the Prosecutor's Constitutional reQuirement to follow the Due Process standard of the Law. Thus, Judicail action without Jurisdiction is Void. (see) MURK V. State, 775 S.W. 2d 415 (1989).

## II.

THE FOURTH AMENDMENT OF THE Constitution of the United States has PROvided that, "No Warrant shall issue but uPON Probable cause."

Sufficient PROBABle cause iNVests an officer with Jurisdiction to enter, Search and seize items described in the affidavit.

Proper Notice of PROBABle cause iN a search warrant affidavit should be easily VERifiable and an actual location of the alleGed controled Purchase should be able to be confirmed to show the actual commission of the offense that GAVE Grounds for the PreParation of the Search Warrant affidavit

THEREFORE THE APPLICANTS THREE GROUNDS FOR Relief should be GRANTED aswell as the Motion to suppress all evidence GAINED as the result of the Constitutional defect IN the Search WarraNt affidavit.

SigNed this ___4___ day of MAY . 2015

RESPECTFULLY SubMitted

Marques Molinar #1895248

APPLICANT

# Unsworn Declaration
### (Texas Civil Practice and Remedies Code, Section 132.001)

My name is: **Marques** __Duke__ **MOLINAR** ,
First       Middle       Last

my date of birth is: __01__ / __5__ / __82__ , and
Month    Day    Year

my address is: __1620 FM 3344__   __Jacksboro__   __Texas__   __76458__
Street Address       City       State       Zip Code

and __United States of America__
Country

---

(If you are incarcerated, you must also include the following information.)

My inmate identifying number, if any, is: __#01895248__

I am presently incarcerated in: __Lindsey State Jail Unit__
Corrections Unit Name

in: __Jacksboro__    __Jack__    __Texas__    __76458__
City       County       State       Zip Code

---

**I declare under penalty of perjury that all information in the attached document titled,**
__Petitioners objection to the States Response of findings of fact__
__And conclusions of Law__ , **is true and correct.**
Name of Document

Signed in __Jack__
County

County, __Texas__
State

on this date: __05__ / __04__ / __15__ .
Month    Day    Year

__Marques Molinar__
Your Signature

Pursuant to Texas Civil Practice and Remedies Code Section 132.001, an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law. This provision does not apply to an oath of office or an oath required to be taken before a specified official other than a notary public. An unsworn declaration made under this section must be 1) in writing, 2) signed by the person making the declaration as true under penalty of perjury and 3) in substantially the form used above.

© TexasLawHelp.org – Unsworn Declaration. August 2012